UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ARCE and CESAR RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>VALLEY PRUNE, LLC; TAYLOR BROTHERS FARMS, INC.; and DOES 1-20,<br><br>　　　　Defendants. | No. 12-cv-02772 JAM-CMK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |

　　This matter is before the Court on Plaintiffs' Edgar Arce and Cesar Rodriguez (collectively "Plaintiffs") Motion for Leave to File a Second Amended Complaint ("SAC") (Doc. #18). Defendants Valley Prune, LLC, and Taylor Brothers Farms (collectively "Defendants") oppose the motion (Doc. #27) and Plaintiffs replied (Doc. #29).[1]  For the following reasons, Plaintiffs' motion is granted in part and denied in part.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 19, 2014.

1

I.   BACKGROUND

Plaintiff Edgar Arce filed this action on November 8, 2012, against Defendants (Doc. #1).  On August 26, 2013, pursuant to a stipulation, Plaintiff Edgar Arce filed a First Amended Complaint ("FAC"), the operative complaint, which added Cesar Rodriguez as a Plaintiff (Doc. #20).  In the FAC, Plaintiffs allege two causes of action on behalf of themselves and all other similarly situated individuals: (1) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and (2) violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq.

Plaintiffs were employed by Defendants and were allegedly subject to a hostile work environment, which included harassing verbal conduct by their direct supervisor, Timothy Molarius ("Mr. Molarius").  FAC ¶¶ 18-25.  On November 20, 2013, Plaintiffs received a declaration by Mr. Molarius describing the work environment from his hiring in 2002 until his termination on May 1, 2012.  See Molarius Decl. ¶ 3, Doc. #26-10.  On January 21, 2014, Plaintiffs moved for leave to amend their complaint in order to expand the class period for their Title VII and FEHA claims (Doc. #26).

II.   OPINION

A.   Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) prescribes that "[t]he court should freely give leave when

justice so requires." Id.  "This [leave] policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted).  "Four factors are commonly used to determine the propriety of a motion for leave to amend.  These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citing United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

    B.    Analysis

        1.    Class Period pursuant to Title VII

Plaintiffs request leave to amend the class definition in order to expand the class period.  The current class definition in this case is as follows:

> All employees of Mexican heritage who were employed by Defendants within 300 days of Plaintiff Edgar Arce's DFEH filing, August 10, 2012.

Plaintiffs' proposed definition is the following:

> All employees of Mexican national origin who were employed by Defendants from January 1, 2004 through May 1, 2012 at Defendants' 4075 Oren Avenue, Corning, CA 96021 location.

They argue that the class definition should start on January 1, 2004, because that date is the earliest date Plaintiffs were exposed to Defendants' unlawful workplace practice and because Defendants waived their right to assert statute of limitations defenses for the putative class's Title VII claims by "affirmatively perpetuating" the hostile work environment at Valley Prune.  Citing Domingo v. New England Fish Co., 727 F.2d 1429, modified, 742 F.2d 520 (9th Cir. 1984), Defendants argue

3

1  that Plaintiffs' proposed amendment is futile because the
2  expanded class includes individuals whose claims are time-barred.
3  In their reply, Plaintiffs argue that the Ninth Circuit in
4  <u>Douglas v. California Department of Youth Authority</u>, 271 F.3d 812
5  (9th Cir. 2001), retreated from the holding in <u>Domingo</u>. As
6  described below, the Court finds Plaintiffs' argument
7  unpersuasive.
8      "Discrimination claims under Title VII ordinarily must be
9  filed with the EEOC within 180 days of the date on which the
10 alleged discriminatory practice occurred." <u>Laquaglia v. Rio
11 Hotel & Casino, Inc.</u>, 186 F.3d 1172, 1174 (9th Cir. 1999)
12 (citing 42 U.S.C. § 2000e-5(e)(1)).  "However, if the claimant
13 first 'institutes proceedings' with a state agency that enforces
14 its own discrimination laws-a so-called 'deferral' state-then
15 the period for filing claims with the EEOC is extended to 300
16 days." <u>Id.</u> (citations omitted).  California is a deferral
17 state.  <u>Josephs v. Pac. Bell</u>, 443 F.3d 1050, 1054 (9th Cir.
18 2006).
19     In <u>Domingo</u>, the Ninth Circuit considered a class action
20 suit against a cannery operator involving allegations of
21 discrimination on the basis of race in hiring and promotions.
22 The plaintiffs argued that "if a continuing violation has been
23 demonstrated a class member should be able to recover regardless
24 of when the class member was employed."  727 F.2d at 1443.  The
25 court held that the defendants' conduct constituted a continuing
26 violation of Title VII, but rejected the plaintiffs' argument
27 because "each class member must demonstrate, by fact of
28 employment or otherwise, that he or she had been discriminated

1  against during the limitation period or was a member of a group
2  exposed to discrimination during that time." Id.; see also
3  Williams v. Owens-Illinois, Inc., 665 F.2d 918, 924 (9th Cir.
4  1982) ("If in those cases the victims can show no way in which
5  the company policy had an impact on them within the limitations
6  period, the continuing violation doctrine is of no assistance or
7  applicability, because mere 'continuing impact from past
8  violations is not actionable.  Continuing violations are.'")
9  opinion modified on denial of reh'g, 79-4110, 1982 WL 308873
10 (9th Cir. June 11, 2082).
11      Relying in part on Domingo, the Ninth Circuit held in
12 Douglas, 271 F.3d at 822, "The continuing violations doctrine
13 extends the accrual of a claim if a continuing system of
14 discrimination violates an individual's rights up to a point in
15 time that falls within the applicable limitations period." Id.
16 The court further explained that "the critical inquiry is whether
17 in this case, [the plaintiff] has introduced facts, which if
18 viewed in the light most favorable to him, raise material
19 questions about whether he was 'exposed' to [the defendant's]
20 discriminatory policy during the period of limitations." Id. at
21 824 (emphasis added).
22      Therefore, Douglas is consistent with Domingo because both
23 cases require a plaintiff to be exposed to the discriminatory
24 policy during the period of limitations.  In the case at bar,
25 expanding the class definition to beyond 300 days would permit
26 people who were not exposed to the policy within the period of
27 limitations to be part of the class, which is impermissible under
28 Domingo.  Continuing violation theory, "does not extend the

5

1  appropriate limitation period, however; it merely allows
2  discriminatory conduct outside the limitations period to be used
3  for evidentiary purposes." Adams v. Pinole Point Steel Co., C-
4  92-1962 MHP, 1994 WL 515347, at *5 (N.D. Cal. May 18, 1994)
5  (citing Domingo, 727 F.2d at 1443).
6      Plaintiff also relies on Havens Realty Corp. v. Coleman, 455
7  U.S. 363 (1982), and several district court cases.  However,
8  Havens interprets the Fair Housing Act, not Title VII.  Further,
9  except for E.E.O.C. v. Kovacevich "5" Farms, CV-F-06-165 OWW/TAG,
10 2007 WL 1174444 (E.D. Cal. Apr. 19, 2007), the district court
11 cases cited by Plaintiffs are either out-of-circuit cases or do
12 not take Domingo into consideration.  Further, in Kovacevich, the
13 defendant argued that only women who could prove that they were
14 not hired because of their gender and those who were deterred
15 from applying for an available position within the 300-day period
16 are eligible to recover damages.  Id. at *2.  The court held that
17 factual development through discovery was needed and therefore,
18 it denied the defendant's motion on the issue without prejudice.
19 Id. at *19.  Therefore, plaintiffs reliance on this case is
20 misplaced since the court did not rule on the issue.
21     Finally, Plaintiffs argue that Defendants waived their right
22 to assert a statute of limitations defense for the putative
23 class's Title VII claims by "affirmatively perpetuating" the
24 hostile work environment at Valley Prune.  Defendants do not
25 specifically address this argument in their opposition.
26 Plaintiffs cite E.E.O.C. v. Home Insurance Co., 553 F. Supp. 704,
27 713 (S.D.N.Y. 1982), for the proposition that "the continued
28 nature of the policy represents its 'affirmative perpetuation,'

1  . . . and is susceptible to characterization as a conscious
2  waiver of limitations period protection." Id. (citations and
3  internal quotation marks omitted).  However, the court in Home
4  Insurance Co. held that, "because defendant maintained the
5  allegedly unlawful policy throughout the terminations being sued
6  upon, the relevant date for each employee is his date of
7  termination; for the complaint to be deemed timely, it would have
8  to have been filed within the applicable limitations period as
9  measured by that date." Id. at 714.  Therefore, even if a
10 defendant affirmatively perpetuates a hostile work environment,
11 the limitations period is not eliminated.
12     Accordingly, the Court finds that the class definition
13 cannot be expanded to start on January 1, 2004, under Title VII
14 and denies Plaintiffs' request to amend this claim.  In addition,
15 the Court acknowledges but need not address Defendants' arguments
16 of undue delay and bath faith as to the Title VII claim.
17         2.   FEHA Class Period
18     Plaintiffs also request leave to amend the class definition
19 under FEHA in order to expand the class period.  Plaintiffs argue
20 that the FEHA class period should be extended to either (1) the
21 earliest date Plaintiffs were exposed to Defendants' unlawful
22 workplace practice, January 1, 2004; (2) three years prior to
23 Plaintiff Arce's DFEH filing; or (3) one year prior to Plaintiff
24 Arce's DFEH filing.
25     First, Plaintiffs argue that because there is no authority
26 on the issue, the Court should look to federal authority in order
27 to extend the class period to the earliest date Plaintiffs were
28 exposed to Defendants' unlawful workplace practice, January 1,

2004.  However, for the reasons mentioned above, under Ninth Circuit authority, Plaintiffs must show that they were exposed to the policy during the limitations period.  See <u>Sandoval v. Saticoy Lemon Ass'n</u>, 747 F. Supp. 1373, 1386 (C.D. Cal. 1990) ("In order to avoid exposing an employer to an open-ended period of liability, it is appropriate that a plaintiff show some application of the illegal policy to him within the 300 days preceding the filing of his complaint.") Therefore, the class period should not extend to January 1, 2004.

Second, Plaintiffs argue that the class definition should be extended to three years based on <u>Vaughn v. Gen. Mills Restaurants, Inc.</u>, C-94-0076 MHP, 1994 WL 589449, at *3 (N.D. Cal. Oct. 19, 1994).  However, <u>Vaughn</u> applied to back pay not the limitations period.  In <u>Vaughn</u>, the court held "that back pay may be recovered under FEHA for a period of three years prior to the date that a complaint is filed with the DFEH" even though the limitations period is one year.  <u>Id.</u>  Although in their reply Plaintiffs argue that <u>Vaughn</u>'s holding is not limited to back pay, the court in <u>Vaughn</u> made clear that the issue before it was "whether [the plaintiff] may seek back pay damages for more than the one-year period prior to his filing of a DFEH complaint." <u>Id.</u> at *1.  Therefore, the class period should not extend to three years prior to Plaintiff Arce's DFEH filing.

Finally, Plaintiffs argue that the FEHA class period should be extended to one year prior to Plaintiff Arce's DFEH filing. Courts have held that the statute of limitations and therefore, the temporal scope of a class action under FEHA is one year.  See Cal. Gov't Code § 12960(d)(providing that complaints must be

8

filed within "one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred"); Alch v. Superior Court, 122 Cal.App.4th 339, 367-68 (2004) ("The fundamental issue to be decided is whether FEHA's one-year statute of limitations prevents non-applicant writers (deterred applicants) from prosecuting a claim . . . ."); Adams v. Pinole Point Steel Co., C-92-1962 MHP, 1994 WL 515347, at *5 (N.D. Cal. May 18, 1994) ("Therefore, the court holds that the temporal scope for . . . FEHA claims is one year.")

Therefore, the Court finds that the FEHA class period may be extended to one year. Accordingly, the Court grants Plaintiffs' request to amend their FEHA claim.

### 3. Undue Delay and Bad Faith

Defendants oppose Plaintiffs' request to extend the FEHA class period to one year because of undue delay and bad faith. Opp. at 9. Specifically, Defendants argue that they had previously advised Plaintiffs about Domingo, Plaintiffs took five months to file this motion, and no new facts have arisen. Plaintiffs argue that they filed this motion only two months after they received Mr. Molarius's declaration and therefore there is no undue delay or bad faith. However, Defendants argue that this claim is questionable because "[P]laintiffs are not proposing to amend the FAC to include any new factual allegations based on Mr. Molarius's declaration or allege any new causes of action." Opp. at 7.

Although Plaintiffs do not propose any new factual allegations based on Mr. Molarius's declaration, Plaintiffs' argument to expand the class definition both under Title VII and

FEHA is based on the declaration because it supports the allegation that Defendants encouraged or permitted a discriminatory work-place policy. See mot. at 1. Therefore, Mr. Molarius's declaration gave rise to new facts and Plaintiffs only delayed two months, which, the Court finds is a reasonable delay.

In addition, Defendants argue that they advised Plaintiffs about Domingo and that expanding the class definition to start on January 1, 2004, would increase the class from about 18 to about 300-400 individuals. However, these arguments do not apply to the FEHA claim because Domingo does not discuss FEHA and the FEHA class period may be extended to only one year prior to Plaintiff Arce's DFEH filing.

Accordingly, the Court finds that there is no undue delay or bad faith as to the FEHA claim.

## III. ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Plaintiffs' Motion for Leave to Amend. Plaintiffs must file their Amended Complaint within twenty (20) days from the date of this Order. Defendants should file their responsive pleading within twenty (20) days from the date the Amended Complaint is filed.

IT IS SO ORDERED.

Dated: March 12, 2014

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE