DENNIS R. MURPHY, SBN 051215
MURPHY AUSTIN ADAMS SCHOENFELD LLP
304 "S" Street (95811-6906)
Post Office Box 1319
Sacramento, California 95812-1319
Telephone:  (916) 446-2300
Facsimile:  (916) 503-4000
Email:  dmurphy@murphyaustin.com

Attorneys for Defendants
VALLEY PRUNE, LLC and TAYLOR BROTHERS FARMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ARCE and CESAR RODRIGUEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALLEY PRUNE, LLC; TAYLOR BROTHERS FARMS, INC., et al.,<br><br>Defendants. | Case No. 2:12-cv-02772-JAM-CMK<br><br>[~~PROPOSED~~] ORDER OF DISMISSAL WITH PREJUDICE AND FINAL JUDGMENT |

The above-referenced class action case ("Action") having come before the Court on November 5, 2014, for a Final Settlement Hearing for an Order of Dismissal with Prejudice and Final Judgment ("Final Judgment"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered July 24, 2014, and as set forth in the parties Stipulation and Settlement of Class Action Claims ("Agreement") between Named Plaintiffs EDGAR ARCE and CESAR RODRIGUEZ ("Named Plaintiff") and Defendants VALLEY PRUNE, LLC. and TAYLOR BROTHERS FARMS, INC., ("Defendants") (collectively the "Parties") in the above-referenced Action, and due and adequate notice having been given to Class Members as required by the Preliminary Approval Order, and the Court having considered

all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Agreement.

2. Consistent with the definitions provided in the Agreement, the term "Plaintiffs" include: "All employees of Mexican national origin who were employed by Defendants at any time from August 10, 2011 through May 7, 2012 at Defendants' 4075 Oren Avenue, Corning, CA 96021 location." The "Class", "Classes" and "Class Members" includes class members who did not properly exclude themselves from the terms of the Settlement.

3. For purposes of the Settlement and this Final Judgment, "Defendant" and/or the "Released Parties" includes Defendants VALLEY PRUNE, LLC. and TAYLOR BROTHERS FARMS, INC., their parents, subsidiaries, owners, officers, employees, and former employees.

4. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

5. Distribution of the Notice of Pendency of Class Action and Proposed Settlement ("Notice") and Claim Form (collectively, the "Notice Packet") directed to Class Members as set forth in the Agreement and the other matters set forth therein, have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by, included with, and subject to the Agreement and this Final Judgment.

6. The Court hereby finds the Agreement was entered into in good faith and further finds that the Settlement and Agreement is fair, reasonable and adequate and that Named Plaintiffs have satisfied the standards and applicable requirements for final approval of this Class Action Settlement under applicable law, including the provisions of Federal Rule of Civil Procedure 23.

7. The Court hereby approves the Settlement as set forth in the Agreement and finds that the Settlement and Agreement are, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to the terms outlined in the Agreement. The Court finds that the Settlement or Agreement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court also finds that the Class is properly certified for settlement purposes only.

8. As of the date of this Final Judgment and the Effective Date as set forth in the Agreement ("Effective Date"), all Released Claims of Named Plaintiffs and each Class Member not excluding themselves, are and shall be deemed to be conclusively released as against Released Parties. Named Plaintiffs and all Class Members as of the date of this Final Judgment and the Effective Date of the Agreement are hereby forever barred and enjoined from prosecuting the Released Claims (as defined in the Agreement and as set forth below) against the Released Parties. As of the Effective Date, Class Members, including the Named Plaintiffs and Class Members who failed to submit valid and timely requests for exclusion pursuant to the Notice of Pendency of Class Action and Proposed Settlement, hereby release the Released Parties from any and all claims, arising from August 10, 2011 through May 31, 2012, (i) that have been, relate to, and/or arise from, those asserted in this Action by Plaintiffs, on behalf of themselves and the Class, against any of the Released Parties; and/or (ii) that could have been asserted in any forum by Plaintiffs or any Class Member, on behalf of themselves and/or the Class, against any of the Released Parties which arise out of, relate to, or are based upon violations of the law, including Title VII of the Civil Rights Act of 1964 ("Title VII"), the California Fair Employment and Housing Act ("FEHA"), the Fair Labor Standards Act, the federal Family and Medical Leave Act of 1993, the California Family Rights Act of 1991, and applicable provisions of California's Labor Code and the California Industrial Welfare Commission's Wage Orders. Released Claims does not extend to any Workers Compensation claim.

9. Further, and as of the date of this Final Judgment, and except as to such rights or claims that may be created by the Agreement, Class Members, including Named Plaintiff, waive,

and relinquish any and all rights and benefits that they may have under Section 1542 of the California Civil Code, or the law of any other state or jurisdiction, or common law principle, to the same or similar effect with regard to the Released Claims and discharged herein.

10. Neither the Settlement nor the Agreement are admissions by any of the Released Parties, nor is this Final Judgment a finding of the validity of any claims in the Action, or of any wrongdoing by any of the Released Parties.

11. The Court hereby enters a judgment of dismissal of the entire Action, with prejudice, as of the filing date of this Final Judgment, and orders the Parties to act in accordance with and pursuant to the terms set forth in the Agreement. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and Agreement and all orders entered in connection therewith.

12. The Court hereby finds the Maximum Settlement Sum of Two Hundred and Two Thousand and Five Hundred Dollars ($202,500.00) provided for under the Agreement to be fair and reasonable. The amount included monies paid to Class Members who submit claims and are eligible for compensation under the Settlement Agreement. The Court further finds the amount of compensation provided to individual Class Members under the Agreement is fair and reasonable in light of the disputed factual and legal issues. The Court further finds that the provisions in the Agreement allowing Class Counsel to verify payments made to Class Members, including Defendant's calculations for such payments, is fair and in the best interests of Class Members. The Court, therefore, orders Settlement Awards to be made and administered in accordance with the terms of the Agreement to each Settlement Class Member who submits a Claim Form in accordance with the Agreement.

13. The Court hereby confirms Charles Kelly of Hersh & Hersh, Della Barnett of California Rural Legal Assistance Foundation, and Matthew D. Carlson of Carlson Legal Services as Class Counsel for settlement purposes only.

14. Pursuant to the terms of the Agreement, and the authorities, evidence and argument submitted by Class Counsel, the fee and cost request is fair and reasonable to

compensate Class Counsel for work performed in this case, including for compensation alleged as due under a lodestar theory. The Court hereby awards Class Counsel a Fees and Cost Award in the amount of Eighty Thousand Dollars ($80,000) from the Maximum Settlement Fund as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel.

15. The Court also approves the requested incentive payments to the Named Plaintiffs in the amount of $7,500 each.

16. The Court also hereby approves Named Plaintiffs as Class Representatives for settlement purposes only.

17. The Court finds that this lawsuit is strongly disputed by Defendants based on both factual and legal considerations. It is further found that deterrence is not considered a factor in the settlement of this case because the alleged offender no longer works for Defendants. In light of these circumstances and the Parties' agreement, the Court has determined that Defendants may retain and/or have returned to it any amounts of the Maximum Settlement Fund not claimed to satisfy Class Claims properly submitted under the Agreement, including unpaid residue, because deterrence is not considered a factor in the settlement of this case.

18. If the Settlement does not become final and effective in accordance with the terms of the Agreement, then this Final Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

**IT IS SO ORDERED.**

DATED: 11-5-2014

_____
UNITED STATES DISTRICT JUDGE